## Mike Bosanac, Plaintiff in Error, v. American Car & Foundry Company, Defendant in Error.

### Gen. No. 18,087.

1. MASTER AND SERVANT—*negligence.* Where the electric light went out in a boiler room of defendant and plaintiff, an employe, in going after a lantern unnecessarily undertook to climb a pile of coal and in doing so received injuries, no negligence of defendant being shown, a directed verdict for defendant is proper.

2. MASTER AND SERVANT—*negligence not presumed from accident.* The mere happening of an accident raises no presumption that it was caused by negligence of the defendant.

Error to the Municipal Court of Chicago; the Hon. ARNOLD HEAP, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Affirmed. Opinion filed March 4, 1913.

FRANK H. BICEK, for plaintiff in error; OTTO C. RENTNER, of counsel.

FRANK M. Cox and R. J. FELLINGHAM, for defendant in error.

MR. PRESIDING JUSTICE CLARK delivered the opinion of the court.

Plaintiff in error brought suit against the defendant in error in an action of the fourth class in the Municipal Court of Chicago. The statement of claim filed shows that it was one "for personal injuries sustained by him while in the employ of the defendant, on or about February 15, 1911, through the negligence of the defendant."

The facts shown by the record are, that the plaintiff was working in the boiler room of the defendant as foreman. The accident occurred about midnight. The plaintiff's testimony was to the effect that the electric lights went out about midnight of the day of the accident; that there was a car of coal standing near a window of the boiler room, where he was employed,

and that he intended to go to the car in order to get a lantern to enable him to see the steam gauges upon the boilers; that he might have reached this car by going around a pile of coal, which was next the window, and through a door; that instead of doing so, however, he undertook to climb over the coal which was next the window, and in doing so received the injuries on account of which he brought suit for damages.

Upon the conclusion of the plaintiff's testimony the trial court, on motion, directed a verdict for the defendant. We think that the action of the court in so doing was proper. The record is barren of any evidence tending to show any negligence on the part of the defendant. The mere happening of the accident raises no presumption that it was caused by the negligence of the defendant. Spring Valley Coal Co. v. Buzis, 213 Ill. 341.

The judgment will be affirmed.

*Affirmed.*